# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                              **CASE NO: 6:99-CR-218-ORL-41KRS**

**STELLA M. LEWIS**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION**     **UNITED STATES OF AMERICA'S MOTION FOR ENTRY OF FINAL ORDER IN GARNISHMENT (Doc. No. 275)**
>
> **FILED:**     **December 22, 2015**

Defendant Stella M. Lewis was found guilty by a jury. Doc. No. 141. A Judgment in a Criminal Case was entered on June 27, 2000. Doc. No. 164. Among other things, the Court required Lewis to pay a $100.00 special assessment and $78,000.00 in restitution. *Id.* at 4-5. Following remand from the United States Court of Appeals for the Eleventh Circuit, the Court issued an Amended Judgment in a Criminal Case. Doc. Nos. 222; 275-2. The amended judgment again ordered Defendant Lewis to pay a $100.00 special assessment and $78,000.00 in restitution. Doc. No. 275-2, at 6.

On December 22, 2015, a paralegal specialist for the United States averred that $43,284.82 had been paid toward the restitution due, with a balance due of $ 34, 715.18 plus accruing interest. Doc. No. 275-1, at 2. The United States sought issuance of a writ of garnishment directed to the

State Board of Administration of Florida pursuant to 28 U.S.C. § 3205.[1] Doc. No. 265. The Court granted the motion, Doc. No. 266, and the writ was served.

On October 8, 2015, the State Board of Administration of Florida filed an answer to the writ stating that it held $15,771.51 in Defendant Lewis's Florida Retirement System Investment Plan Account. Doc. No. 270, at 1. It served the answer on Defendant Lewis and on the United States. *Id.* at 3.

On September 14, 2015, the Clerk of Court issued a Clerk's Notice of Post-Judgment Garnishment containing instructions advising Defendant Lewis of available exemptions and the right to request a hearing within 20 days. Doc. No. 268. The United States served the Writ and the Clerk's Notice of Post-Judgment Garnishment on Defendant Lewis on October 24, 2015. Doc. No. 275, at 2; Doc. No. 275-3.

Section 3205(c)(7) provides as follows:

> After the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property.

More than 20 days have passed since the answer was filed and, as of the writing of this Report and Recommendation, Defendant Lewis has not objected to the answer or requested a hearing. *See* 28

---

[1] Section 3205 states:

(a) In general.--A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located. A court may issue simultaneous separate writs of garnishment to several garnishees. A writ of garnishment issued under this subsection shall be continuing and shall terminate only as provided in subsection (c)(10).

Money in a Florida Retirement System Investment Plan is not exempt from garnishment. *United States v. Fussell*, 567 F. App'x 869, 870 (11th Cir. 2014) (per curiam) (cited as persuasive authority).

U.S.C. § 3205(c)(5). Counsel for the United States represents that Defendant Lewis does not object to the garnishment. Doc. No. 275, at 2.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the motion and enter a Final Order in Garnishment directing the State Board of Administration of Florida to liquidate the Defendant's nonexempt interest in Defendant Lewis's Florida Retirement System Investment Plan Account, which, in the absence of objection, is the full, current balance in that account in an amount not to exceed the total of the judgment debt and further order that the writ of garnishment directed to the State Board of Administration of Florida in this matter shall terminate upon payment to the United States of these funds pursuant to 28 U.S.C. § 3205(c)(10). The United States is directed to provide the proposed Final Order of Garnishment to the presiding District Judge.

It is further **ORDERED** that the United States shall provide a copy of this Report and Recommendation to Defendant Stella M. Lewis and file a certificate of service of the document.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 28th, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy